UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERICE WILLIAMS,

    Plaintiff,                                     Case No.
                                                     Hon.

    v.

MBAF, LLC,
    A domestic limited liability corporation,
    Defendant.

---

Law Offices Jeffrey S. Burg, Esq.
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
29551 Greenfield, Suite 101
Southfield, MI  48076
(248) 227-5027
Fax 248-856-1258
Jburg@comcast.net

---

**COMPLAINT AND JURY DEMAND**

Plaintiff Cherice Williams complains against Defendant as follows:

## INTRODUCTION

1. This is an employment discrimination action based on race and retaliation, and Plaintiff seeks equitable relief and legal damages to enforce her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq and 42 USC 2000e(5)(E)(3) (Title VII), and the Michigan Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq.

## JURISDICTION, VENUE & PARTIES

2. Plaintiff resides in the City of Ypsilanti, in the County of Washtenaw, in the State of Michigan. At all times relevant to the events of this case, Plaintiff resided in and worked in the federal Eastern District of Michigan.

3. Defendant MBAF, LLC is a domestic limited liability corporation operating its business in the City of Ann Arbor, County of Washtenaw, in the Eastern District of Michigan, where it employed Plaintiff.

4. This Court has subject matter jurisdiction over Plaintiff's Title VII claims pursuant to 28 USC 1331 because the claims arise under federal law.

5. This Court has supplemental jurisdiction over Plaintiff's ELCRA claims because Plaintiff's state law claims arise out of the same or related set of facts

as Plaintiff's federal Title VII claims, such that all claims form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant because Defendant conduct substantial business in the Eastern District of Michigan and the events giving rise to this action occurred in the Eastern District of Michigan.

7. Venue is proper in the Eastern District of Michigan, because the events giving rise to the action occurred in this district and division.

## STATEMENT OF FACTS

8. Plaintiff is African-American.

9. Plaintiff began her employment with Defendant on February 11, 2024.

10. Plaintiff was hired into Defendant company as janitorial worker with full-time status.

11. In the course of her employment, Plaintiff was subjected many times to comments and actions of a racial nature by Defendant's Caucasian human resources representative. These events include but are not limited to:

    a. Being referred to on more than one occasion by the human resources representative as "you people…";

    b. Being called "sweetie" in a derogatory manner on more than one occasion by the human resources representative;

    c. Being called "darling" in a derogatory manner on more than one occasion by the human resources representative;

    d. Being called "aggressive" in a derogatory manner on more than one occasion by the human resources representative;

    e. Being told by the human resources representative that another African American person "looks like she can beat someone up."

12. Plaintiff complained to Defendant's management about these comments by the human resources representative, stating that, among other things, she was being treated differently on the basis of her race and was being subjected to a hostile work environment on the basis of her race.

13. Defendant's management did not offer any remedial measures in response to Plaintiff's complaints.

14. Shortly after Plaintiff complained another time about statements by the human resources representative, Defendant terminated Plaintiff's employment.

15. The reason given for the termination of Plaintiff's employment was false and was in retaliation for Plaintiff having complained.

## COUNT I

### Title VII --Hostile Racial Environment, Racial Harassment and Wrongful Discharge Based on Race

4

16. Plaintiff repeats and realleges all paragraphs set forth above as though fully stated herein.

17. The adverse employment actions identified above created a hostile environment based upon race and a wrongful discharge based on race, and Defendant has engaged in unlawful employment discrimination in violation of Title VII, 42 USC 2000e et seq.

18. As a direct and proximate result of Defendant's wrongful acts and omissions based on Plaintiff's race, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## COUNT II

**ELCRA - Hostile Racial Environment, Racial Harassment and Wrongful Discharge Based on Race**

19. Plaintiff repeats all preceding allegations as though fully set forth herein.

20. The adverse employment actions identified above created a hostile environment based upon race and a wrongful discharge based on race, and Defendant has engaged in unlawful employment discrimination in violation of the Michigan Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq.

21. As a direct and proximate result of Defendant's wrongful acts and omissions based on Plaintiff's race, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## COUNT III

### Title VII – Retaliation

22. Plaintiff repeats all preceding allegations as though fully set forth herein.
23. Plaintiff engaged in protected activity by multiple reporting of discrimination and a hostile environment based on race several times both to Defendant's management and to Defendant's Human Resources department.
24. Defendant retaliated against Plaintiff by failing to remedy the hostile environment, by allowing the harassment and discrimination to continue, and by discharging Plaintiff.
25. Defendant's acts and omissions constituted retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a).
26. As a direct and proximate result of Defendant's wrongful acts and omissions based on retaliation, Plaintiff has sustained loss of earnings, earning capacity, and

fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## COUNT IV

## ELCRA – Retaliation

27. Plaintiff repeats all preceding allegations as though fully set forth herein.

28. Plaintiff engaged in protected activity by multiple reporting of discrimination and a hostile environment based on race and gender several times both to Defendant's management and to Defendant's Human Resources department.

29. Defendant retaliated against Plaintiff by failing to remedy the hostile environment, by allowing the harassment and discrimination to continue, and by discharging Plaintiff.

30. Defendant's acts and omissions constituted retaliation in violation of Elliott-Larsen Civil Rights Act, MCL 37.2701.

31. As a direct and proximate result of Defendant's wrongful acts and omissions based on retaliation, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional

7

reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## REQUEST FOR RELIEF

Plaintiff requests the following relief from the court:

a. An Order from the court ordering Plaintiff reinstated to her former position or another position for which she is qualified to perform;

b. An Order of the court awarding Plaintiff compensation for her economic losses stemming from a loss of wages, benefits and other economic consequences of discharge;

c. An Order of the court awarding Plaintiff under the ELCRA non-economic damages in the nature of outrage, humiliation, loss of reputation, mental anguish and emotional distress;

d. An Order awarding Plaintiff punitive damages for the willful violation of her federally protected and state protected civil rights;

e. An Order awarding Plaintiff her costs of litigation, attorney fees and interest on any judgment she secures against the Defendant.

f. An Order of the Court Awarding Plaintiff such other relief that she is found to be entitled to.

                              Respectfully submitted,

                              **LAW OFFICES OF JEFFREY S. BURG**

                              /s/ *Jeffrey S. Burg*
                              Jeffrey S. Burg P38381
                              29551 Greenfield, Suite 101
                              Southfield, MI  48076
                              248-227-5027
                              jburg@comcast.net

Dated:  April 10, 2025

## JURY DEMAND

Plaintiff demands a trial by jury for all claims.

                              Respectfully submitted,

                              **LAW OFFICES OF JEFFREY S. BURG**

                              /s/ *Jeffrey S. Burg*
                              Jeffrey S. Burg P38381
                              29551 Greenfield, Suite 101
                              Southfield, MI  48076
                              248-227-5027
                              jburg@comcast.net

Dated:  April 10, 2025