UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERICE WILLIAMS,

                    Plaintiff,

v.

MBAF, LLC

                    Defendant.

Case No. 25-11029
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS (ECF NO. 6)**

Plaintiff Cherice Williams sues defendant MBAF, LLC, her former employer, claiming racial discrimination and retaliatory termination under both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Michigan's Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.* ("ELCRA"). ECF No. 1. Defendant moves to dismiss due to insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). ECF No. 6. The motion has been fully briefed, ECF Nos. 8, 10, and the Court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court agrees with defendant that it was never properly served but instead of dismissing the

Page **1** of **7**

case, the Court will permit a short extension of time for plaintiff to effectuate proper service under Federal Rule of Civil Procedure 4.

Plaintiff filed her complaint on April 10, 2025, and the summons was issued the following day, April 11th. *See* ECF No. 6, PageID.21–22. The original summons expired after July 10, 2025. Plaintiff failed to serve defendant by that date but moved to extend the summons. *Id.* The Court granted plaintiff's motion, setting a new expiration date of September 22, 2025. *Id.* Sometime after the Court granted her motion, plaintiff attempted to serve defendant by certified mail addressed to its registered agent. *Id.* Defendant asserts that it only became aware of plaintiff's complaint in October, after it had apparently been misdirected by a mail clerk in the same building as the registered agent. *Id.*

Plaintiff counters that on September 10, 2025, she sent the summons and complaint to defendant's resident agent by certified mail at the address for him listed with the Michigan LARA Corporations Division. ECF No. 8, PageID.156–58. Plaintiff received notification from the United States Postal Service ("USPS") that the process was "delivered to the front desk, reception area, or mail room" in Canton, MI 48188 at 10:15 a.m. on September 13, 2025. *Id.* at PageID.159. Plaintiff resists defendant's claim

that the mailed process was misdirected within the resident agent's building by arguing that defendant's resident agent was an employee and the resident agent of both defendant and the related car dealership were located in the same building. *Id.* at PageID.145–46.

Nevertheless, as defendant points out in its reply brief, the connection between the businesses and their personnel in defendant's building is immaterial to the issue of proper service. Plaintiff acknowledges she only attempted service by way of sending the summons and complaint to defendant's resident agent by way of certified mail. *See id*. But sending process by certified mail alone cannot effectuate proper service under Rule 4. *See Security Nat'l Ins. Co. v. Salient Landscaping, Inc.*, 2023 WL 3186976, at *1–3 (E.D. Mich. May 1, 2023) (citing *Lu v. SAP Am., Inc.*, 2022 WL 13983546, at *4 (6th Cir. Oct. 24, 2022)).

Plaintiff argues she effectuated proper service on defendant according to Rule 4(h)(1)(A), which permits serving process in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) permits service by following "state law for serving a summons and complaint in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is

made." Fed. R. Civ. P. 4(e)(1). The applicable state law concerning service on limited partnerships, Michigan Court Rule 2.105(C), provides that service may be achieved by "*serving* a summons and a copy of the complaint on any general partner or agent for service of process; or by *serving* a summons and a copy of the complaint on the person in charge of the . . . business establishment *and sending* a summons and a copy of the complaint by registered mail, addressed to the general partner or agent for service of process at his or her usual residence or last known address." MCR 2.105(C) (emphasis added).

Michigan and federal courts agree that sending a summons and complaint to a resident agent by certified mail is not effective service under the state court rules. *See Security Nat'l,* 2023 WL 3186976, at *2 (citing *Walker v. Aleritas Capital Corp.*, 2016 WL 3749410, at *4 (Mich. Ct. App. July 12, 2016) and *Lu*, 2022 WL 13983546, at *3). Nor would sending process via certified mail satisfy the alternative requirements of Rule 4(h)(1)(B). "By its plain terms, Rule 4(h)(1)(B) authorizes service of process by mailing *and* personally serving a copy of the summons and complaint." *Lu*, 2022 WL 13983546, at *3 (emphasis in original).

Plaintiff concedes that she only attempted service by way of sending a summons and copy of the complaint to defendant's resident agent by way of certified mail. Accordingly, proper service was never effectuated on defendant. That plaintiff did not properly serve defendant does not necessarily require the Court to dismiss her complaint, however.

Rule 4(m) provides that an action not served upon a defendant within 90 days from when the complaint was filed must be dismissed without prejudice against the unserved defendant unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). If good cause is shown, "the court must extend the time for service for an appropriate period." *Id*. Even "absent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). The Sixth Circuit instructs district courts to consider the following factors when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id*. at 569.

The Court finds that these factors support a short extension for plaintiff to serve defendant. While an extension of time would be well beyond the timely service of process, it would not prejudice defendant, who has appeared only to contest proper service. Meanwhile, defendant had actual notice of the lawsuit, not only through the mail receipt of the summons and complaint but also subsequent communications relating to response deadlines for defendant's motion. *See* ECF No. 7.

If the Court refused to extend the time for service, plaintiff could be substantially prejudiced.[1] Additionally, the court does not find that the failure to perfect service on defendant was done willfully or in bad faith,[2] and plaintiff has offered to cure the deficiency. ECF No. 8. Finally, equity strongly favors a brief extension to correct the service.

Accordingly, the Court **HOLDS IN ABEYANCE** defendant's motion to dismiss for insufficient service. The Court **ORDERS** plaintiff to serve defendant in the manner specified by Federal Rule of Civil Procedure 4 and file a new certificate of service by **July 21, 2026**. If plaintiff fails to file a certificate of service by that date, the Court will issue an order dismissing plaintiff's complaint without prejudice.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
Dated: July 10, 2026                                  United States District Judge

---

[1] It is not clear from plaintiff's complaint whether statute of limitations issues could preclude the refiling of her claims.

[2] The Court disappointedly notes that plaintiff's counsel is an experienced litigator who should be better versed in the rules governing service of process under both state and federal law.